# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AUDREY HAMPTON, | Case No.: 2:10-cv-01775-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Temporary Restraining Order–#1, Ex. 1; Motion to Stay–#17) |
| COUNTRYWIDE HOME LOANS, INC.; BAC HOME LOANS SERVICING, LP, a subsidiary of BANK OF AMERICA; FEDERAL LOAN MORTGAGE COMPANY, | |
| Defendants. | |

      Before the Court is Plaintiff Audrey Hampton's **Motion for Temporary Restraining Order** (#1, Pet. for Removal Ex. 1, filed Oct. 20, 2010).[1] The Court has also considered Defendants Countrywide Home Loans, Inc. and BAC Home Loans Servicing, LP's (collectively, "BofA") Opposition (#20, filed Dec. 21, 2010). Plaintiff did not reply.

      Also before the Court is Plaintiff's **Motion to Stay** (#17, filed Dec. 13, 2010). The Court has also considered BofA's Opposition (#18, filed Dec. 17, 2010), and Plaintiff's Reply (#22, filed Dec. 22, 2010).

### BACKGROUND

      This dispute arises out of a mortgage loan Plaintiff obtained from Countrywide Home Loans (which was later acquired by Bank of America) in 1996 to purchase the property at

---

[1] Although the Petition for Removal was filed with this Court on October 20, 2010, the Motion for Temporary Restraining Order was initially filed in the Eighth Judicial District Court for the State of Nevada on September 14, 2010.

1

1  4516 Strato Jet Way, North Las Vegas, NV 89031.  In January 2009, Plaintiff defaulted on her
2  loan.  In March, Plaintiff sought to have Countrywide modify her loan.  Countrywide eventually
3  denied her modification application and foreclosed upon her home.  The Federal Loan Mortgage
4  Company ("Freddie Mac") purchased the home.
5  On September 10, 2010, Plaintiff filed suit in the Eighth Judicial District Court of
6  the State of Nevada ("State Court").  Defendants subsequently removed the case to this Court on
7  October 13, 2010.  Since removal, Plaintiff began negotiating with Freddie Mac to settle the case,
8  BofA brought a motion to dismiss, and Plaintiff brought a motion to stay.  Currently before the
9  Court is Plaintiff's motion to stay and motion for TRO.  For the reasons discussed below, the
10 Court denies both motions.

11                                    **DISCUSSION**

12 **I.    Motion for Temporary Restraining Order**

13 Plaintiff's Motion for Temporary Restraining Order (#1, Compl. Ex. 1) eluded the
14 Court until now as neither party informed the Court of the motion in a timely manner.  The Court
15 did not learn of the motion until Defendants belatedly responded to the motion three months after
16 Plaintiff filed it in the State Court and two months from the time the case was removed to this
17 Court.  Neither party decided to mention the TRO motion in their Joint Status Report (#12, filed
18 Nov. 12, 2010), even though the parties did state that there was a pending Motion to Dismiss (#5).
19 The Court cannot contemplate a legitimate reason why the parties would have neglected this TRO
20 motion.  What is even more perplexing is BofA's severely untimely response and lack of
21 explanation as to its delay in responding or its failure to mention the motion in the Joint Status
22 Report.  Nonetheless, the Court denies the motion as moot since the foreclosure sale Plaintiff
23 sought to be restrained already occurred and Plaintiff's house was sold.

24 **II.   Motion to Stay**

25 "The power to stay proceedings is incidental to the power inherent in every court to
26 control the disposition of the causes on its docket with economy of time and effort for itself, for

1  counsel, and for litigants." *Landis v. Am. Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936).
2  The grant of a stay is "an exercise of judicial discretion and the 'party requesting a stay bears the
3  burden of showing that the circumstances justify an exercise of that discretion.'" *Ind. State Police*
4  *Pension Trust v. Chrysler LLC*, — U.S. —, 129 S. Ct. 2275, 2276 (2009) (quoting *Nken v. Holder*,
5  — U.S. —, 129 S.Ct 1749, 1761 (2009)).  The moving party "must make out a clear case of
6  hardship or inequity" if there is even a small possibility that a stay would harm another party.
7  *Landis*, 299 U.S. at 255.

8  Plaintiff in this case sought and the Court granted multiple extensions of time to
9  respond to BofA's Motion to Dismiss (#5) so that she could negotiate with the Freddie Mac.
10 Plaintiff's response was originally due November 6, 2010.  Plaintiff received extensions until
11 December 13, 2010—more than a month of extra time.  This is as much time as the Court is
12 willing to grant as any more would inhibit the Court from timely administration of its docket.
13 There is no reason for the Court to delay these proceedings further.  Therefore, the Court orders
14 Plaintiff to respond to BofA's motion within two weeks of the date of this order or the Court will
15 grant the motion as unopposed.

### CONCLUSION

17 Accordingly, and for good cause appearing,
18 IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining
19 Order (#1, Ex. 1) is DENIED as moot.
20 IT IS FURTHER ORDERED that Plaintiff's Motion to Stay (#17) is DENIED.
21 Dated: April 11, 2011.

_____
ROGER L. HUNT
Chief United States District Judge

AO 72
(Rev. 8/82)