UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AUDREY HAMPTON, | Case No.: 2:10-cv-01775-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#5) |
| COUNTRYWIDE HOME LOANS, INC.; BAC HOME LOANS SERVICING, LP, a subsidiary of BANK OF AMERICA; FEDERAL LOAN MORTGAGE COMPANY, | |
| Defendants. | |

Before the Court is Defendant Countrywide Home Loans, Inc. and BAC Home Loans Servicing, LP's **Motion to Dismiss** (#5, filed Oct. 20, 2010). The Court has also considered Plaintiff Audrey Hampton's Opposition (#30, filed Apr. 25, 2011), and Defendants' Reply (#31, filed May 3, 2011).

## BACKGROUND

In 1996, Hampton purchased the property at 4516 Strato Jet Way in North Las Vegas (the "Property"). To purchase the property, Hampton borrowed $127,000 from Countrywide and secured the debt with a deed of trust on the Property. In 2007 Hampton refinanced the loan to $241,000 and, again, secured it with a deed of trust on the Property.

Hampton defaulted on her loan in January 2009. After Defendants recorded a Notice of Default on March 19, 2009, Hampton applied for a loan modification. Defendants then recorded a Notice of Trustee's Sale on June 22, 2009. Defendants then postponed the trustee's sale until November 2009 pending loan modification review. Hampton's original loan modification application was denied under the Home Affordable Modification Program. However, Defendants allowed Hampton to seek refinancing under other modification programs and again postponed the trustee's sale. However, Defendants again recorded a Notice of Trustee's Sale on October 28, 2009.

In February 2010, a representative from Defendants called Hampton and informed her that she had been approved for a loan modification. The representative told Hampton that all she had to do was sign and return some documentation that Defendants sent her. Hampton never received these documents despite repeated calls to and assurances from Defendants that they had been sent. Notwithstanding Defendants promises to send and resend the modification documents, Defendants recorded a third Notice of Trustee's sale on May 25 for June 14. Defendants again postponed that sale until August, when the Property was sold to Defendant Federal Loan Mortgage Company.

After the Property was sold, Hampton filed suit in the Eighth Judicial District Court for the State of Nevada alleging: (1) breach of contract, (2) tortious breach of the covenant of good faith and fair dealing, (3) negligent misrepresentation, (4) intentional misrepresentation, (5) declaratory relief, (6) injunctive relief, (7) quiet title, and (8) punitive damages. Defendants removed the action based on the diversity of the parties. Now before the Court is Defendants motion to dismiss all claims for failure to state a claim. For the reasons discussed below, the Court grants the motion in part and denies it in part.

**DISCUSSION**

**I.    Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short

1  and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.
2  8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require
3  detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic
4  recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)
5  (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise
6  above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a
7  complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its
8  face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

9  In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts
10 are to apply when considering motions to dismiss.  First, a district court must accept as true all
11 well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the
12 assumption of truth. *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only
13 by conclusory statements, do not suffice. *Id*. at 1949.  Second, a district court must consider
14 whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950.  A
15 claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw
16 a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.  Where
17 the complaint does not permit the court to infer more than the mere possibility of misconduct, the
18 complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal
19 quotation marks omitted).  When the claims in a complaint have not crossed the line from
20 conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

21 "[O]n a motion to dismiss a court may properly look beyond the complaint to
22 matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary
23 judgment." *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).
24 /
25 /
26 /

3

## II. Analysis

### A. Breach of Contract

Hampton contends that she entered into a contract to modify her loan with Defendants and that they breached the agreement by not modifying her loan and, instead, foreclosing on her home. Defendants argue that Hampton's breach of contract claim fails because of the statute of frauds.

Contracts relating to the transfer of land and promises to loan money over $100,000 by a lending institution are subject to the statute of frauds. NRS §§ 111.210, 111.220. Modifications to deeds of trust or promissory notes are, therefore, subject to the statute of frauds. *See Sattari v. Washington Mut.*, 2010 WL 3896146, at *4 (D. Nev. Sept. 29, 2010). Further, a written agreement satisfies the statute of frauds if it memorializes a contract the parties have already agreed to. While Hampton alleges that a written modification agreement does exist, she also alleges that she never received it. Since Hampton never received it, she could not have seen or agreed to it, both preventing a meeting of the minds and the acceptance necessary for contract formation because the parties did not agree upon definite terms. *See May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005) (a contract cannot exist when material terms are lacking or uncertain and indefinite). At most, Hampton demonstrates an "agreement to agree," which, "without more, is not a binding contract." *First. Nat. Mortg. Co. v. Fed. Realty Inv. Trust*, 631 F.3d 1058, 1065 (9th Cir. 2011) (interpreting California law). Because Hampton does not show that a contract was ever formed or that the statute of frauds is met, the Court need not consider Defendants' other arguments and dismisses this claim.

### B. Tortious Breach of the Covenant of Good Faith and Fair Dealing

Tort liability for breach of the covenant of good faith and fair dealing is limited to "rare and exceptional cases," *K Mart Corp. v. Ponsock*, 732 P.2d 1364, 1370 (Nev. 1987), and requires a plaintiff to show a special element of either (1) reliance or (2) fiduciary duty because the defendant was in a superior or entrusted position, *A.C. Shaw Constr. v. Washoe County*, 784 P.2d

4

9, 10 (Nev. 1989).  Absent exceptional circumstances, "an arms-length lender-borrower relationship is not fiduciary in nature." *Yerington Ford, Inc. v. General Motors Acceptance Corp.*, 359 F. Supp. 2d 1075, 1090 (D. Nev. 2004) (*rev'd on other grounds by Giles v. General Motors Acceptance Corp.*, 494 F.3d 865 (2007)).  Hampton fails to plead any facts amounting to the exceptional circumstances necessary for a tortious breach of the covenant of good faith claim.  Rather her claim involves a typical lender/borrower relationship.  Accordingly, the Court dismisses this claim.

### C. Negligent and Intentional Misrepresentation

Defendants argue that the tort of negligent misrepresentation is inapplicable to Hampton's alleged facts and that, regardless, Hampton did not plead either of her misrepresentation claims with sufficient particularity.  Misrepresentation is a form of fraud where a false representation is relied upon in fact.  *See Pacific Maxon, Inc. v. Wilson*, 619 P.2d 816, 818 (Nev. 1980).  Fraud has a stricter pleading standard under Rule 9, which requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  The Court disagrees with both of Defendants' arguments and finds that Hampton meets Rule 9's pleading requirement and has stated a claim for both negligent and intentional misrepresentation.  Dismissal of these claims at this stage would be premature.  Therefore, the Court denies the motion as regards both of these claims.

### D. Declaratory Relief

#### i. Contract

Hampton asks the Court to declare the existence of a binding modification contract. As discussed above, Hampton does not show either the formation of a contract or any writing that would overcome the statute of frauds.  Therefore, the Court dismisses this claim.

/

### ii.     Foreclosure

Hampton also asks the Court to declare the foreclosure on her home invalid because Defendants failed to follow the procedures required under NRS §§ 107.080–107.086.  However, Hampton fails to show that Defendants did not substantially comply with the foreclosure procedures as required.  NRS § 107.080 (requiring substantial compliance with the non-judicial foreclosure statutes).  Hampton claims that Defendants did not send the appropriate notice in March 19, 2009, but she does not contend that the other notices Defendants sent were not effective.  Hampton also argues that Defendants violated NRS § 107.085 by not notifying her 60 days prior to the trustee's sale.  This contention is debunked by Hampton's own contentions.  The complaint states that the final notice was sent on May 25, 2010, and the sale took place in August, more than 60 days later.  Further, this was the third notice she had received, the first having been sent more than a year earlier and the second, many months earlier.

Hampton also claims that Defendants failed to send the Election/Waiver of Mediation Form required by NRS § 107.086.  However, NRS § 107.086 did not require such forms until July 1, 2009.  *See* Assembly Bill No. 149 sec. 4 (NV. 2009).  Since Defendants filed the first Notice of Default in March 2009, and no statutory provision requires notices subsequent to the first to include the mediation forms, Defendants were not required to include the mediation forms.  Hampton does not contest this in her response.

Hampton also argues that Defendants violated NRS § 107.080's notice requirements by not re-recording a notice of the date and time of the sale and mailing such to her after postponing the sale noticed in May 2010.  However, NRS § 107.082 only requires an orally postponed sale to occur at a later date at the same time and location as originally noticed.  Only upon a third postponement must Defendants re-notice a defaulting party pursuant to the procedures described in NRS § 107.080.  According to Hampton's complaint, while Defendants postponed the trustee's sale numerous times, Defendants only postponed the sale once after sending the May

/

2010 notice.  Therefore, Defendants did not violate NRS §§ 107.082 or 107.080.  For all of these reasons, the Court dismisses Hampton's declaratory relief claim.

### E. Quiet Title

Finally, Hampton brings an action to quiet title, arguing that the foreclosure violated procedural rules.  This assertion fails to state a claim under Rule 12(b)(6) because Hampton provides no legal or factual justification for this claim other than the legal conclusion that the foreclosure was invalid.  As shown above, Hampton's claims do not show any procedural defects in the foreclosure.  The Court, therefore, finds that Plaintiffs' quiet title claim does not rise above a speculative level.  Accordingly, the Court dismisses this claim.

### F. Punitive Damages and Injunctive Relief

Punitive damages and injunctive relief are not claims, but remedies.  Accordingly, the Court dismisses these claims.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#5) is GRANTED in part and DENIED in part as follows:

- The negligent and intentional misrepresentation claims remain.
- All other claims are dismissed.

IT IS FURTHER ORDERED that as the negligent and intentional misrepresentation claims were only plead against Defendants Countrywide and BAC Home Loans Servicing, the Federal Loan Mortgage Company is dismissed from this case.

Dated: May 11, 2011.

_____
ROGER L. HUNT
Chief United States District Judge